# In the United States Court of Federal Claims

No. 18-1539C
(Filed: July 10, 2024)

* * * * * * * * * * * * * * * * * * * *

PLATINUM SERVICES, INC.,

       *Plaintiff,*

v.

THE UNITED STATES,

       *Defendant.*

* * * * * * * * * * * * * * * * * * *

## ORDER

Plaintiff, Platinum Services, Inc. ("Platinum"), filed suit against the United States, alleging that the Department of Defense ("DOD") significantly underpaid plaintiff for the shipment of 2,532 loads of service members' household goods. Plaintiff sought $4,696,000. After discovery and a remand to the General Services Administration, the parties cross-moved for summary judgment. We held that plaintiff was entitled to only a small fraction of the $4,696,000 it sought because it did not have the right to unilaterally upcharge the government for services the government had not ordered. *Platinum Services, Inc. v. United States*, 167 Fed. Cl. 121, 127 (2023). Defendant nevertheless underpaid plaintiff for some of the shipments because it erroneously relied on its "alternation of rates" policy to pay only the lowest rates on file for particular origin and destination pairs regardless of what level of service it ordered. *Id.* at 126–27. We ordered judgment for plaintiff in the amount of $164,797.13 on October 16, 2023. Plaintiff now seeks payment of $151,386.26 in attorney's fees and related litigation expenses under the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412 (2018). The United States does not question plaintiff's eligibility to seek fee reimbursement under EAJA, but challenges whether fees are appropriate here.

EAJA requires courts to "award to a prevailing party other than the

United States fees and expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *Id*. § 2412(d)(1)(A). The burden falls on the government to show that its position in the litigation was substantially justified. The government must satisfy this burden by a preponderance of the evidence. *See Castañeda-Castillo v. Holder*, 723 F.3d 48, 73 (1st Cir. 2013). The Supreme Court has defined the "substantially justified" standard as "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The government's litigation position must be "justified in substance or in the main." *Id.* In determining whether the reasonable person standard has been met, court looks to the "case as a whole," not just the single issue on which the plaintiff prevailed. *Meyer v. Colvin*, 754 F.3d 251, 256 (4th Cir. 2014). It is not uncommon for the government to take a position that is "substantially justified" and nevertheless lose the litigation. *See, e.g., Norris v. S.E.C.*, 695 F.3d 1261 (Fed. Cir. 2012); *Clemmons v. West*, 206 F.3d 1401 (Fed. Cir. 2000); *Luciano Pisoni Fabbrica Accessori Instrumenti Musicali v. United States*, 837 F.2d 465 (Fed. Cir. 1988).

In this case, there were two issues presented: 1) whether plaintiff could upcharge the government for using equipment it believed was necessary but was not agreed to by the government; and 2) whether DOD had the regulatory right to "alternate" rates to the lowest that plaintiff offered despite the difference in equipment used. The bulk of the dollars at issue were tied to the first question. Defendant prevailed on that issue. *Platinum*, 167 Fed. Cl. at 125.

The government was liable, however, on the alternation issue. We held that the Military Freight Traffic United Rules Publication ("MFTURP") did not give DOD *carte blanche* to pay the lowest price when the equipment ordered differed between tenders. *Id.* at 126–27. Because transporting goods with a flatbed vehicle is not the same service as transporting goods by van trailer, alternation of rates was not appropriate under the circumstances. *Id.* Both parties' motions for summary judgment were therefore denied, and we ordered the parties to calculate the amounts still owing to Platinum absent any alternation of rates. *Id.* at 127. They eventually agreed on judgment in the amount of $164,797.13.

Looking at the case as a whole, we find defendant to have been substantially justified. It prevailed on the issue to which the vast majority of the dollars at issue were tied. Plaintiff's extrapolative reading of DOD

regulations conflicted with the bedrock contract principle of mutual assent as well as explicit MFTURP language that says that charges will be assessed based on "what the shipper ordered." *Id.* at 125.

Even if we were to look with a narrower lens at the specific issue on which the government lost, and do not consider the government's overall litigation position, its argument would still satisfy EAJA's "substantially justified" standard. Although we ultimately rejected the government's position on DOD's alternation of rates to these shipments, DOD was relying on MFTURP provisions that do allow it to pay less when the same equipment is being used as is offered under a lower priced tender. Neither the regulation nor any caselaw defined precisely what was meant by "same type of service." We read sections D.III.1, D.III.3, and A.IV part II.2 together and applied a "rule of reason" in interpreting these provisions, thus reaching a different conclusion than that advanced by the government. *Id.* at 126-27. But we cannot say that defendant's position was patently unjustified or totally without support. It was a novel question. We thus find that, even on this narrower question alone, defendant was substantially justified in its litigation position.

Because defendant prevailed on the larger of the two issues presented and because it was not unjustified in its position regarding the smaller alternation issue, plaintiff's motion for fees pursuant to EAJA (ECF No. 93) is denied.

 s/ Eric G. Bruggink   
ERIC G. BRUGGINK
Senior Judge